# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL ACTION NO. 3:25-CV-00475-KDB-DCK

WAYNE LESLIE BRANCH JR.,

      **Plaintiff,**

      v.

OCTAVIA MARIE BRANCH
AND CHRISTOPHER SHUN
JONES,

      **Defendants.**

**MEMORANDUM AND ORDER**

    **THIS MATTER** is before the Court on Plaintiff's Motion for Default Judgment (Doc. No. 12), Defendant Octavia Branch's Motion to Set Aside Entry of Default (Doc. No. 17) and Plaintiff's Motion for Writ of Execution (Doc. No. 18). The Court has carefully considered these motions and the relevant portions of the record. As briefly explained below, because of the Court's strong preference for deciding cases on the merits rather than by default, Octavia Branch's motion will be **GRANTED**, the entry of default set aside and Plaintiff's motions will be **DENIED**.

    Federal Rule of Civil Procedure 55(c) allows the Court to "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c); *Bethea v. Equifax Info. Servs., LLC*, 813 F. Supp. 3d 581, 583 (W.D.N.C. 2025). While "good cause" is not defined in Rule 55(c), "a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (quoting *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006)). Courts have "a

1

strong preference that, as a general matter, defaults should be avoided and that claims and defenses be disposed of on their merits." *Id.* (citing *Tazco, Inc. v. Director, Office of Workers Compensation Program, U.S. Dep't of Labor*, 895 F.2d 949, 950 (4th Cir. 1990)); *Jones v. Nat'l Ass'n U.S. Bank Tr. Co.*, No. 5:23-CV-00203-KDB-DCK, 2024 WL 2870001, at *1 (W.D.N.C. June 6, 2024).

In this action, Plaintiff, who is incarcerated, alleges that his wife Octavia and Defendant Christopher Jones (who has not yet been served) are liable for selling Plaintiff's property, committing adultery (alienation of affection and criminal conversation) and negligent and intentional infliction of emotional distress. In turn, Ms. Branch tells the Court 1) that her failure to respond to the Complaint was not willful, but due to "extraordinary and traumatic circumstances beyond her control" (which she does not detail); 2) Plaintiff is awaiting trial on charges of her attempted murder and this action is a continuation of Plaintiff's harassment and intimidation and 3) that she otherwise has valid defenses on the merits. *See* Doc. No. 17 at 1.

While Ms. Branch's response is mostly conclusory and lacks supporting details, the Court finds that she has shown sufficient good cause for the entry of default to be set aside so that this matter can be contested on the merits. With the entry of default set aside, Plaintiff's motions are moot and will be denied.

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant Octavia Branch's Motion to Set Aside Default (Doc. No. 17) is **GRANTED;**

2. Plaintiff's Motions for Default Judgment and a Writ of Execution (Doc. Nos. 12, 18) are **DENIED** as moot; and

3. Octavia Branch is directed to answer or otherwise respond to the Complaint within 21 days of the date of this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: May 26, 2026

Kenneth D. Bell
United States District Judge